

# Notice of Service of Process

MDM / ALL
**Transmittal Number: 20978744**
Date Processed: 01/16/2020

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | CSC Test<br>Arlette Willis<br>Bishop Martin<br>Salem Desir<br>Michelle Mira |
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number 2551129 |
| **Entity Served:** | United Parcel Service, Inc. |
| **Title of Action:** | Jay Hannah vs. United Parcel Service, Inc. |
| **Matter Name/ID:** | Jay Hannah vs. United Parcel Service, Inc. (9938939) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Wood County Circuit Court, WV |
| **Case/Reference No:** | 20-C-3 |
| **Jurisdiction Served:** | West Virginia |
| **Date Served on CSC:** | 01/15/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Hoyt Glazer<br>681-204-3914 |
| **Client Requested Information:** | Matter Type: Other/NA |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT A**

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

JAY HANNAH,

    Plaintiff,

v.

                                    Civil Action No. 20-C-3
                                    Judge

UNITED PARCEL SERVICE, INC.,

    Defendant.

## SUMMONS

To the above-named DEFENDANT:     United Parcel Service, Inc.
                                               c/o Corporation Service Company
                                               209 West Washington Street
                                               Charleston, WV 25302

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Hoyt Glazer, Plaintiff's attorney**, whose address is: **Law Office of Hoyt Glazer, PLLC, 618 10th Street, Suite 105, Huntington, West Virginia 25701** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within twenty (20) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

DATED: Jan 13, 2020

                                                          Carole Jones by [signature]
                                                          Clerk of Court         Deputy

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**JAY HANNAH,**

    **Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC.,**

    **Defendant.**

Civil Action No. 20-C-3

Judge

## COMPLAINT

Plaintiff Jay Hannah, by his counsel, Hoyt Glazer, Esq. and the Law Office of Hoyt Glazer, PLLC, files this action seeking redress and remedy arising from United Parcel Service's, Inc.'s ["UPS"] deliberate and reckless failure to comply with the provisions of Title I of the Americans with Disabilities Act of 1990 (ADA).

## PARTIES

1. Plaintiff, Jay Hannah, is and was, at all times alleged herein, a citizen and resident of Wood County, West Virginia.

2. Defendant, UPS, is a publicly traded, foreign corporation with its principal office located in Atlanta, Georgia.

3. Defendant UPS does business in West Virginia and provides express delivery and courier services.

4. At all times alleged, Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment, or assignment.

## JURISDICTION AND VENUE

1

FILED IN OFFICE

JAN 1 3 2020

CAROLE JONES
CLERK CIRCUIT COURT

5. This Court has jurisdiction and venue over this civil action under Article VIII, § 6 of the West Virginia Constitution and West Virginia Code § 56-1-1.

## FACTS

6. In October of 2004, Mr. Hannah started employment with UPS as a part-time employee.

7. In January of 2008, UPS hired Mr. Hannah as a full-time driver.

8. Throughout his employment, Mr. Hannah performed his duties satisfactorily or better and met the legitimate expectations of UPS.

9. On December 13, 2017, Mr. Hannah suffered an on-the-job back injury while working for Defendant.

10. Following his back injury, Mr. Hannah was not initially aware that he could seek an accommodation for his workplace injury.

11. Mr. Hannah continued to work for Defendant after his back injury until the spring of 2018.

12. In March 2018, Mr. Hannah received a cortisone injection for his back, which temporarily relieved his pain.

13. In April 2018, Mr. Hannah's back pain returned, which rendered him unable to perform his job, specifically he was unable to sit for prolonged periods while driving.

14. On or about April 2018, when Mr. Hannah's back injury rendered him unable to perform his job, Mr. Hannah requested Defendant to provided him with a delivery truck with a softer suspension than the usual truck Defendant supplied to its drivers.

15. On information and belief, Defendant had available delivery trucks with a softer suspension that it had allowed other drivers to use.

16. Although available delivery trucks with a softer suspension were readily available, the Defendant refused to provide Mr. Hannah with the same.

17. On September 17, 2018, Mr. Hannah's treating physician stated that Mr. Hannah may return to work with no lifting restrictions, and that he should avoid prolonged sitting.
18. On October 19, 2018, Mr. Hannah again requested a reasonable accommodation from Defendant, and again sought a delivery vehicle with a softer suspension.
19. Mr. Hannah also requested a reasonable accommodation by way of transfer to a different position that did not involve driving.
20. Mr. Hannah stated that he would be willing to commute up to thirty miles from his residence if UPS were able to transfer him to another location.
21. The Collective Bargaining Agreement provides for temporary alternate work (TAW) to workers who are unable to perform their work due to on-the-job injuries.
22. UPS refused Mr. Hannah's requests for a reasonable accommodation.
23. UPS did not allow Mr. Hannah to return to work from April 2018 until May 2019, when his physician released him to return to work with no restrictions.
24. On information and belief, the Defendant had available trucks which would have satisfied Mr. Hannah's need for accommodation and/or Defendant was capable of providing Mr. Hannah with reasonable accommodation(s) such that he could perform his employment duties in an alternate position.
25. As a result of the Defendant's failure to accommodate him, Mr. Hannah has suffered lost wages and other damages.

## COUNT I: FAILURE TO ACCOMMODATE

26. Plaintiff incorporates the previous paragraphs as if set forth herein.
27. Plaintiff was an employee of Defendant UPS which is and was a covered entity within the meaning of Title I of the Americans with Disabilities Act (ADA), 42 USC § 12111.

28. Plaintiff was and is a qualified individual with a disability as that term is defined in the ADA, 42 USC § 12111(8).

29. Plaintiff's back injury is a physical impairment that substantially limits one or more major of his major life activities.

30. Defendant knew and/or had reason to know Plaintiff suffered from a physical condition which substantially limited one or more major life activities.

31. Plaintiff requested reasonable accommodation on more than one occasion.

32. Such reasonable accommodations were available and/or possible for Defendant to provide.

33. Defendant violated the ADA by failing to provide reasonable accommodation to Plaintiff and/or by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

34. The Defendant's refusal to provide Plaintiff with a truck with a softer suspension and/or transfer to an inside job were intentional, willful and in deliberate disregard of and/or with reckless indifference to the rights of Plaintiff.

35. As a direct and proximate result of Defendant's violation of Plaintiff's rights, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities, loss of fringe and pension benefits, mental anguish, and embarrassment.

### COUNT II: DISABILITY DISCRIMINATION UNDER THE ADA

36. Plaintiff incorporates the previous paragraphs as if set forth herein.

37. Plaintiff is a person with a disability as that term is defined in the ADA.

38. At all times alleged herein, Plaintiff was qualified and able to perform the essential functions of his job with or without a reasonable accommodation.

39. The Plaintiff's back injury constitutes a disability because it substantially limited one or more of his major life activities.

40. In the alternative, Defendant and its agents regarded Mr. Hannah as having such a condition.

41. By refusing to allow Mr. Hannah to return to work, provide Mr. Hannah with a truck that had a softer suspension and/or allowing Mr. Hannah to transfer to an inside job, the Defendant discriminated against Plaintiff based on his status as a person with a disability under the ADA.

42. In the alternative, and, on information and belief, Defendant treated similarly situated employees who did not have a disability more favorably than Plaintiff in the terms, conditions and/or benefits of their employment.

43. Mr. Hannah's status as a person with a disability under the law was a motivating factor in Defendant's decision to take the above described adverse actions against him.

44. Defendant's actions against Plaintiff based on his status as a person with a disability were willful, intentional, and reckless.

45. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities, loss of fringe and pension benefits, mental anguish, humiliation and embarrassment, and loss of professional reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks damages as set forth below:

On all counts, grant Plaintiff actual damages for lost wages, front pay, back pay, fringe benefits, costs of obtaining new employment and other out of pocket expenses in an amount to be

determined by a jury;

On all counts, grant Plaintiff, general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

On all counts, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions; and

Prejudgment and post-judgment interest on all amounts allowed by law;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, JAY HANNAH,
By Counsel,

_/s/ Hoyt Glazer_
Hoyt Glazer, Esq. (WV Bar #6479)
LAW OFFICE OF HOYT GLAZER, PLLC
618 Tenth Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-495-0494
hoyt@hoytglaw.com



Carole Jones, Circuit Clerk
Wood County Judicial Building
# 2 Government Square
Parkersburg, WV 26101-5353

Return Service Requested



CERTIFIED MAIL

7019 1120 0000 5325 3597

RESTRICTED DELIVERY

neopost
01/14/2020
US POSTAGE $012.25

FIRST-CLASS MAIL



ZIP 26101
041L12203200

UNITED PARCEL SERVICES INC.   20-C-3
C/O CORPORATION SERVICE COMPANY
209 WEST WASHINGTON ST
CHARLESTON WV 25302

